**CAPITAL AIRLINES, Inc. v. CIVIL AERONAUTICS BOARD.**

No. 9870.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 20, 1948.

Decided Dec. 6, 1948.

Mr. Charles H. Murchison, of Jacksonville, Fla., pro hac vice, by special leave of Court, with whom Mr. Robert B. Hankins, of Jacksonville, Fla., was on the brief, for petitioner.

Mr. William C. Burt, Chief, Rates Section, Civil Aeronautics Board, of Washington, D. C., with whom Messrs. Herbert A. Bergson, Asst. Atty. Gen., George Morris Fay, U. S. Atty., Emory T. Nunneley, Jr., General Counsel, Civil Aeronautics Board, Warren L. Sharfman, Atty., Civil Aeronautics Board, and Oliver Carter, Acting Chief, Enforcement and Litigation Section, Civil Aeronautics Board, all of Washington, D. C., were on the brief, for respondent. Mr. Louis P. Sissman, Atty., Civil Aeronautics Board, of Washington, D. C., also entered an appearance for respondent.

Before PRETTYMAN and PROCTOR, Circuit Judges, and McGUIRE, District Judge, sitting by designation.

PROCTOR, Circuit Judge.

This case is here for review of an order of the Civil Aeronautics Board of December 2, 1947, (confirmed by its order of March 29, 1948) dismissing a petition of Capital Airlines, filed January 14, 1947, in so far as it sought retroactive increase in mail rates fixed by the Board's order of December 16, 1942, effective as of June 1, 1942, "with the understanding that upon respondent's request filed pursuant to rule 8 of the Rules of Practice, they" (the rates) "will be subject to reconsideration from and after that date."

We disagree with the contentions of petitioner, and hold:

1. The order of December 16, 1942, fixed a final mail rate, subject only to reconsideration if requested within fifteen days as provided by rule 8. An examination of the proceeding leads clearly to this conclusion.

2. The right to reconsideration was lost by failure to apply therefor within the given time.

3. In view of the finality of the rates, which stood unchallenged for more than three years, the Board was without power to revise them retroactively. Transcontinental & Western Air, Inc. v. Civil Aero-

nautics Board, 1948, 83 U.S.App.D.C. 358, 169 F.2d 893.

4. The power to increase retroactively established rates which have prevailed unchallenged is not needed to vindicate the Constitutional requirement for just compensation (Fifth Amendment), or to fulfill any contractual obligation of the Government to the air lines. The Civil Aeronautics Act, 49 U.S.C.A. § 401 et seq., under which Capital chose to operate, embodies a scheme of just compensation for services rendered to the Government by requiring that fair and reasonable rates be fixed from time to time for carrying of the mail (Section 406(a) ). This right is protected by the privilege accorded carriers to apply at any time for higher rates to compensate for future service to the Government. The Act, with its regulatory provisions, is not intended to underwrite profitable operation of a carrier's business, any more than statutes imposing regulation of public utilities are intended to insure them a net revenue. Federal Power Commission v. National Gas Pipeline Co., 1942, 315 U.S. 575, 590, 62 S.Ct. 736, 86 L.Ed. 1037, and cases cited.

We think the Board was right in dismissing the petition of January 14, 1947, in so far as it requested retroactive increase in mail rates.

Accordingly the petition for review of that order is

Dismissed.